Christopher J. Renk (*pro hac vice* to be filed)
 Chris.Renk@arnoldporter.com
Michael J. Harris (*pro hac vice* to be filed)
 Michael.Harris@arnoldporter.com
**Arnold & Porter Kaye Scholer LLP**
70 West Madison Street, Suite 4200
Chicago, IL 60602-4231
Telephone: (312) 583-2300
Facsimile: (312) 583-2360

*Attorneys for Plaintiff Nike, Inc.*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIKE, INC.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MSCHF PRODUCT STUDIO, INC.,<br><br>　　　　　Defendant. | Case No. 1:21-cv-01679-EK-PK |

**[PROPOSED] TEMPORARY RESTRAINING ORDER AND
ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION**

The Court having considered the facts set forth in the Complaint, the Memorandum of Law in Support of Plaintiff's Application for a Temporary Restraining Order and Preliminary Injunction, the supporting declarations of Joe Pallet and Bridget Boyd and all other evidence submitted therewith; and

This matter having come before the Court on the application of Plaintiff Nike, Inc. ("Plaintiff" or "Nike") for a temporary restraining order ("TRO") and order to show cause for preliminary injunction pursuant to the Lanham Act, 15 U.S.C. § 1125, and Rule 65 of the Federal Rules of Civil Procedure; and

The Court having found from the specific facts set forth in the above-mentioned materials sufficient proof that:

1. Nike is the owner of the incontestable and famous NIKE word mark and the Nike Swoosh ![Swoosh] design.

2. On March 29, 2021, Defendant MSCHF PRODUCT STUDIO INC. ("Defendant" or "MSCHF") took orders for 666 pairs of Satan Shoes. The Satan Shoes are emblazoned with the Swoosh design and are marketed using the NIKE word mark. MSCHF is using Nike's marks without Nike's approval.

3. Nike has a strong likelihood of success on its federal and common law trademark infringement, false designation of origin, and dilution claims. MSCHF's actions are confusing consumers about the origin, sponsorship, or approval of MSCHF's goods, diluting the ability of Nike's marks to identify Nike's goods, and tarnishing Nike's famous marks.

4. MSCHF's continued use of Nike's marks and sale of its Satan Shoes poses a clear and substantial threat of irreparable harm to Nike because (a) Nike will lose its ability to control its reputation embodied by and associated with its marks; (b) the value of Nike's marks as

exclusively designating Nike will be impaired by MSCHF's actions; (c) the value of Nike's marks will be diminished by association with MSCHF and its satanic themed shoes; and (d) Nike has no adequate remedy at law. Issuance of the requested temporary restraining order is in the public interest to protect the public against confusion, deception, and mistake.

5. The harm to Nike in denying this Application outweighs the harm to MSCHF in granting it.

6. A temporary restraining order is necessary to achieve the purpose of 15 U.S.C. § 1125(a), to protect the public from confusion and mistake, and to protect Nike from immediate irreparable injury. No other order is adequate to achieve this purpose.

# TEMPORARY RESTRAINING ORDER

**IT IS ORDERED** that, pending the hearing and determination of Plaintiff's application for a preliminary injunction, Defendant, and any companies owned or controlled by Defendant, and each of its officers, agents, privies, principals, directors, shareholders, managing agents, owners, licensees, distributors, servants, attorneys, employees, affiliates, subsidiaries, parents, successors and assigns, and all of those in active concert or participation with any of them who receive notice directly or otherwise, are hereby enjoined from:

    a. fulfilling any orders for Defendant's Satan Shoes;

    b. using the NIKE work mark or the Nike Swoosh mark or any mark that is confusingly similar to Plaintiff's marks, or is a derivation or colorable imitation thereof, regardless of whether used alone or with other terms (collectively, "Prohibited Marks");

    c. referring to or using any Prohibited Marks in any advertising, marketing or promotion; and

    d. instructing, assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs, or taking any action that contributes to any of the activities referred to in subparagraphs above.

# ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION

**IT IS FURTHER ORDERED** that Defendant appear before this Court in the courtroom of United States District Court Judge Komitee, Courtroom 6G North at the United States Courthouse of the District Court of the Eastern District of New York, on _____, 2021, at the time of _____, to show cause, if any there be, why, pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiff should

not be granted a preliminary injunction extending the terms of the temporary restraining order granted herein and further and further ordering that:

(1) during the pendency of this action, MSCHF and its officers, agents, employees, attorneys, and all persons who are in active concert or participation with MSCHF are prohibited from fulfilling all orders taken to date for the Satan Shoes and/or colorable imitations of the infringing sneakers;

(2) during the pendency of this action, MSCHF and its officers, agents, employees, attorneys, and all persons who are in active concert or participation with MSCHF are prohibited from promoting, offering to sell, selling, and/or taking additional orders for the Satan Shoes and/or colorable imitations of the infringing sneakers;

(3) MSCHF must escrow the funds received from all orders taken to date for the Infringing Sneakers and/or colorable imitations of the Satan Shoes so that, if Nike prevails in this action, MSCHF may return those funds to customers who ordered MSCHF's illicit sneakers under the mistaken belief that Nike was the source of the infringing sneakers or otherwise approved or sponsored the infringing sneakers; and

(4) MSCHF must file with the Court within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which MSCHF has complied with the injunction.

## **SERVICE**

**IT IS FURTHER ORDERED** that delivery or transmission of this Application and all supporting papers to Defendant or Defendants' counsel by email or hand delivery on _____, 2021 by 5:00 PM shall be deemed sufficient service on Defendants.

**IT IS FURTHER ORDERED t**hat opposing papers, if any, shall be served by email or

ECF on Plaintiff's counsel on or before _____, 2021 at 5:00 PM, and reply papers, if any, shall be served by electronic mail or ECF on Defendants or their counsel on or before _____, 2020 at 5:00 PM.

Defendant is hereby put on notice that failure to attend the show cause hearing scheduled herein shall result in the immediate issuance of a preliminary injunction, which shall be deemed to take effect immediately upon the expiration or dissolution of the temporary restraining order herein, and shall extend during the pendency of this suit the injunctive relief provided in this Order. Defendants are hereby further notified that Defendants shall be deemed to have actual notice of the terms and issuance of such preliminary injunction, and that any act by Defendants in violation of any of its terms may be considered and prosecuted as contempt of the Court.

## **BOND**

**IT IS FURTHER ORDERED** that, pursuant to Rule 65(c), Fed. R. Civ. P., the Plaintiff shall give security in the sum of [TEN THOUSAND DOLLARS ($10,000.00)], on or before April \_\_\_, 2022.

Dated: _____, 2021  _____
United States District Judge