**Debevoise & Plimpton**

Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 212 909 6000

Megan K. Bannigan
Partner
mkbannigan@debevoise.com
+1 212 909 6127

March 31, 2021

<u>BY ECF</u>

The Honorable Eric Komitee
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Nike, Inc. v. MSCHF Product Studio, Inc.**
**Case No. 1:21-cv-21-01679-EK-PK**

Dear Judge Komitee:

We represent defendant MSCHF Product Studio, Inc. ("MSCHF") in the above-captioned matter. We write in connection with the hearing Your Honor has set for 9 am tomorrow, and to oppose Nike's application for a temporary restraining order.

As detailed below, and as we will discuss with Your Honor tomorrow, there is no threat of imminent or immediate irreparable harm warranting the issuance of a TRO. Further, there are substantial questions going to the merits of plaintiff's claims. As such, MSCHF respectfully requests that the Court deny Nike's application for a TRO and set a briefing schedule on Nike's motion for a preliminary injunction.

MSCHF is a Brooklyn-based art collective, described by *The New York Times* as Banksy for the Internet, that was founded to push the boundaries of today's culture



through story-telling and performance art. *See generally* https://www.nytimes.com/2020/01/30/style/MSCHF-sneakers-culture.html. As part of its mission, it issued 666 pairs of the limited collection "Satan Shoes" that are at issue in this litigation. These shoes were produced in collaboration with rapper Lil Nas X (shown at right with the Satan Shoe).



These are not typical sneakers, but rather individually-numbered works of art that were sold to collectors for $1,018 each (much as Banksy and other artists sell numbered, limited-edition prints of their artistic works). The Satan Shoes, which were customized using authentic Nike Air Max sneakers, were a follow-on art project related to the limited-edition Jesus Shoes (shown at right), created from the same model of Nike Air Max sneakers, that MSCHF introduced in October 2019. Those Jesus Shoes also are

The Honorable Eric Komitee                  2                  March 31, 2021

works of art, and in fact museums have arranged for display of these works in their collections.

MSCHF respectfully requests that the Court deny Nike's application for a temporary restraining order for two reasons.

*First*, there is no imminent or immediate threat of irreparable harm related to the Satan Shoes. That is because, contrary to Nike's speculation in its papers, all but one pair of the shoes already have been sold and shipped. MSCHF has no intention of issuing additional Satan Shoes. It had been planning a giveaway of the last pair of Satan Shoes on Friday, April 2, but has suspended that plan pending resolution of Nike's application.

*Second*, contrary to Nike's arguments, Nike cannot show a likelihood of success on the merits. MSCHF has made clear that the Satan Shoes are a collaboration with Lil Nas X, not with Nike, and Nike presents no evidence whatsoever of any confusion by purchasers. Such confusion is highly unlikely given the sophistication of the purchasers, who had to obtain the shoes through MSCHF's proprietary app, and who are well aware of MSCHF's approach to art, including its customization of consumer products as part of its expressive message. To the extent observers have mistaken the art project as being associated with Nike and have criticized Nike for its sacrilege, *see* Nike Br. at 2–3, that is exactly the reaction that resulted when MSCHF introduced the companion Jesus Shoes nearly 18 months ago (see examples below), and Nike never raised any objections whatsoever to the first stage of this project. (Nike also never contacted MSCHF prior to filing this suit to inquire about MSCHF intentions with this artistic project.)



More significantly, these shoes are works of art that are intended to criticize the ever-popular "collab culture," where brands like Nike collaborate with anyone willing, to make a splash. They also are intended to criticize social norms that discriminate,

The Honorable Eric Komitee 3 March 31, 2021

such as religious norms that marginalize certain groups of people.  Lil Nas X, a gay Black artist who has publicly discussed how he spent his teenage years hating himself because of what Christianity taught about homosexuality, and whose most recent video prominently features Satan, is thus the perfect collaborator for these shoes, which are also portrayed as a collaboration with Satan himself (a comment on the extreme collab culture).  *See generally* https://www.nytimes.com/2021/03/30/arts/music/lil-nas-x-twitter-sneakers-outrage.html.  Given the artistic expression that is at the core of the Satan Shoes project, Nike cannot prevail on its trademark claims.  The First Amendment protects this expression, and bars any relief based on claims of trademark infringement or dilution.  *See generally Cliffs Notes, Inc. v. Bantam Doubleday Dell Publ'g Grp., Inc.*, 886 F.2d 490, 494–95 (2d Cir. 1989) (works of artistic expression that include trademarks are protected under the First Amendment so long as the use is (1) artistically relevant and (2) not explicitly misleading); *VIP Prods. LLC v. Jack Daniel's Props., Inc.*, 953 F.3d 1170, 1176 (9th Cir. 2020) (works that contain some protected expression are "noncommercial" and therefore nonactionable under the dilution act); *Mattel Inc. v. Walking Mt. Prods.*, 353 F.3d 792, 806–12 (9th Cir. 2003) (photographs of Barbie dolls that offered critique of the objectification of women was artistic, protected speech that outweighed Mattel's right in its Barbie trademarks and trade dress).

For these reasons, and as we will explain in greater detail at tomorrow's hearing, there simply is no emergency that justifies the extraordinary issuance of a TRO.  Rather, MSCHF respectfully requests that the Court deny the TRO and set a briefing and hearing schedule on Nike's motion for a preliminary inunction.  Allowing MSCHF the opportunity to brief these important issues will help ensure that the Court has a complete record on which to assess Nike's motion.  Such a process will cause no prejudice to Nike because there will be no further distribution of Satan Shoes, pending the Court's ruling on the preliminary injunction motion.

Respectfully submitted,

*/s/ Megan K. Bannigan*

Megan K. Bannigan


cc (via ECF):   Kyle A. Schneider, Esq.
                Christopher J. Renk, Esq.
                Rhonda R. Trotter, Esq.
                Bridgette Boyd, Esq.
                Counsel to Plaintiff Nike, Inc.