```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

NIKE, INC.,

                Plaintiff,                    ORDER
                                        21-CV-1679(EK)(PK)
        -against-

MSCHF PRODUCT STUDIO, INC.,

                Defendant.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Plaintiff Nike, Inc. ("Plaintiff" or "Nike") filed this action against MSCHF Product Studios, Inc. ("Defendant" or "MSCHF"), alleging violations of several trademark statutes and common law in connection with MSCHF's marketing of a "Satan Shoe" bearing Nike's trademark. Nike has moved for a temporary restraining order ("TRO") and order to show cause for a preliminary injunction pursuant to the Lanham Act, 15 U.S.C. § 1125, and Rule 65 of the Federal Rules of Civil Procedure. The Court has reviewed Plaintiff's Complaint, the Memorandum of Law in Support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction, the supporting declarations of Joe Pallett and Bridget Boyd, and other evidence submitted therewith. For the reasons set forth below, I grant Plaintiff's motion for a temporary restraining order pending resolution of its motion for a preliminary injunction.

1

Based on this limited record, I conclude that the facts set forth in the above-mentioned materials offer sufficient evidence that:

1. Nike is the owner of the NIKE word mark and the Nike "Swoosh" design.

2. On March 29, 2021, MSCHF took orders for 666 pairs of Satan Shoes. The Satan Shoes contain the Swoosh design and were marketed using the NIKE word mark. MSCHF also used Nike's trademark and logo on its website in several places. Nike has not given approval for MSCHF's use of Nike's mark.

3. Nike has shown a likelihood of success on at least some of its claims. Specifically, Nike has carried its burden, at this stage, of showing that MSCHF's actions are likely to confuse, and likely are confusing, consumers about the origin, sponsorship, or approval of MSCHF's goods. *See* 15 U.S.C. § 1125(a). Nike has also demonstrated that MSCHF's actions are likely to dilute and tarnish Nike's marks. *See id.* § 1125(c).

4. Nike has also demonstrated a likelihood of irreparable harm absent this temporary restraining order. On the record before me, Defendant has not rebutted the presumption of irreparable harm under 15 U.S.C. § 1116(a). And I find that issuance of the requested temporary restraining order is in the public interest, and that the harm to Nike in denying this motion outweighs the harm to MSCHF in granting it.

5. Thus, on this limited record, I find that a temporary restraining order is necessary pending resolution of Nike's motion for a preliminary injunction.

6. Defendant has asserted a First Amendment defense based on the purported expression embodied by Defendant's production and sale of the Satan Shoes. First Amendment rights of artistic expression are paramount, and Defendant will have a full opportunity to pursue this affirmative defense at the preliminary injunction stage, if it chooses. The burden of proof lies with Defendant, however, on the affirmative defense, as counsel for MSCHF acknowledged at oral argument. As of now, based on the limited record before me, Defendant has not carried that burden.

### **TEMPORARY RESTRAINING ORDER**

Accordingly, **IT IS ORDERED** that pending the hearing and determination of Plaintiff's application for a preliminary injunction, Defendant, and any companies owned or controlled by Defendant, and each of its officers, agents, privies, principals, directors, shareholders, managing agents, owners, licensees, distributors, servants, attorneys, employees, affiliates, subsidiaries, parents, successors and assigns, and all of those in active concert or participation with any of them who receive notice directly or otherwise, are hereby enjoined from:

      a. fulfilling any orders for Defendant's Satan Shoes;

      b. using the NIKE word mark or the Nike Swoosh mark or any mark that is confusingly similar to Plaintiff's marks, or is a derivation or colorable imitation thereof, regardless of whether used alone or with other terms (collectively, "Prohibited Marks");

      c. referring to or using any Prohibited Marks in any advertising, marketing, or promotion; and

      d. instructing, assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs, or taking any action that contributes to any of the activities referred to in subparagraphs above.

### ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION

**IT IS FURTHER ORDERED** that Defendant appear before this Court on April 14, 2021 at 3 p.m. to show cause why, pursuant to Rule 65 of the Federal Rules of Civil Procedure, a preliminary injunction should not be issued.

**BOND**

**IT IS FURTHER ORDERED** that, pursuant to Rule 65(c), Plaintiff shall give security in the sum of FIFTY THOUSAND DOLLARS ($50,000.00) by April 12, 2021.[1]

**SCHEDULING**

**IT IS FURTHER ORDERED** that Defendant shall file opposing papers by April 8, 2021.  Plaintiff shall file reply papers by April 12, 2021.  The Court will post information on how to access the preliminary-injunction hearing on the public docket.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:    April 1, 2021
          Brooklyn, New York

---

[1] Neither party addressed the amount of the bond at oral argument.  Fifty-thousand dollars is an appropriate amount in light of the scope of the alleged harms here.  The amount of any bond set will of course round to zero on Nike's financial statements, and MSCHF has no evident reason for concern about Nike's creditworthiness, if it prevails.  The parties may apply to modify the bond amount if they choose.

5